**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE RAYMOND P. MOORE**

| | |
|---|---|
| Courtroom Deputy: Cathy Pearson | Date: July 8, 2014 |
| Court Reporter: Tammy Hoffschildt | Interpreter: n/a |
| Probation Officer: Kyla Hamilton | |

**CASE NO.**

<u>Parties</u>

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**1. MICHAEL L. ROY,**

      Defendant.

<u>Counsel</u>

Michelle Heldmyer (by video)

Vincent J. Felletter, Jr.

**COURTROOM MINUTES**

**SENTENCING HEARING
COURT IN SESSION: 11:01 a.m.**
Appearances of counsel. Defendant is present on bond. Also present with Ms. Heldmyer is Alex Wynn.

Defendant entered his plea on March 17, 2014, to Counts 1 and 2 of the Information. The Court formally accepts the Plea Agreement at this hearing.

Discussion held regarding a letter submitted to the Court and the Presentence Investigation Report. Neither side has an objection to the Presentence Investigation Report.

The Court will take a brief recess at this time to allow counsel time to discuss how to proceed and for Mr. Felletter to confer with the defendant.

Court in recess: 11:31 a.m.
Court in session: 11:47 a.m.

Discussion held regarding continuing this matter to 2:30 p.m. today.

Court in recess: 11:53 a.m.
Court in session: 2:30 p.m.

Appearances of counsel.

Mr. Felletter states he has had an opportunity to discuss matters with the defendant and makes statements to the Court regarding acceptance of responsibility.

**ORDERED:**  The letter submitted to the Court will be filed under Restriction Level 2.

Ms. Heldmyer makes statements regarding acceptance of responsibility and offers proffer.

**ORDERED:**  The Government's oral motion for the third point of acceptance of responsibility is granted.

The Court makes findings and ruling regarding acceptance of responsibility.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, and comments on matters relating to the appropriate sentence.

Defendant, counsel for the government and the Probation Officer address the Court regarding sentencing.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

The Court states its findings and conclusions.

**ORDERED:**  Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, **Michael L. Roy**, is hereby committed to the custody of the Bureau of Prisons to be **imprisoned** for a term of **46 months** on each count, to be served concurrently.

The Court RECOMMENDS that defendant receive credit for 0 days spent in custody.

The Court RECOMMENDS that the Bureau of Prisons place the defendant at FCI Englewood.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **three (3) years** on each count, both terms to run concurrent.

**ORDERED:** **Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) Defendant shall not commit another federal, state or local crime.
- (**X**) Defendant shall not illegally possess controlled substances.
- (**X**) Defendant shall not possess a firearm or destructive device.
- (**X**) Defendant shall comply with standard conditions recommended by U.S. Sentencing Commission.
- (**X**) Defendant shall refrain from the unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release that:
- ( ) Defendant shall participate in and successfully complete a program of testing and treatment for (drug/alcohol abuse as directed by the probation officer until such time as defendant is released from the program by the probation officer. Defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. (Defendant will be required to pay the cost of treatment as directed by the probation officer.
- ( ) If defendant is deported, he shall not re-enter the United States illegally. If defendant re-enters the United States legally, he is to report to the nearest U.S. Probation Office within 72 hours of his return.
- (**X**) Defendant shall comply with the terms and conditions for payment of the special assessment, restitution or fine imposed by this judgment.
- ( ) Defendant shall pay any **special assessment, restitution, fine** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.
- (**X**) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.
- (**X**) Defendant shall participate in and successfully complete a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.
- ( ) Defendant shall be placed on home detention for a period of  months, to commence within ten days of release from imprisonment. During this

        time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.  The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, or cordless telephones for the above period.  The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department.  The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

    (**X**)    Defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes.  This includes resolution of any tax arrearages as well as continued compliance with federal and state tax laws regarding the filing of taxes.

**ORDERED:**  Defendant shall pay **$200** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:**  **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:**  Defendant shall make **restitution** as follows:  $65,263.59 made payable to the Internal Revenue Service-RACS, Attention: Mail Stop 6261, 333 W. Pershing Avenue, Kansas City, MO 64108.

**ORDERED:**  Interest requirement is **waived** for the restitution because defendant has no ability to pay interest.

**ORDERED:**  The special assessement and restitution obligation are due immediately.  Any unpaid restitution balance upon release from incareceration shall be paid in monthly installment payments during the term of supervised release.  The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.

The Court finds, pursuant to 18 U.S.C. § 3663A(c)(3)(B), that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

**ORDERED:**  Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

**ORDERED**:  Bond is continued.

**ORDERED:**  A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**ORDERED:**  That the defendant shall voluntarily surrender and report to the institution designated by the Bureau of Prisons within 15 days from the date of designation.

Discussion held regarding United States' Motion for Preliminary Order of Forfeiture (Doc. 24, filed 6/27/14).

**ORDERED:**  United States' Motion for Preliminary Order of Forfeiture (Doc. 24, filed 6/27/14) is GRANTED.  The Court will sign the proposed Order submitted with the motion.

**Court in recess: 3:59 p.m.**
Hearing concluded.
Total time:    2:05